People v Snipes (2019 NY Slip Op 08599)





People v Snipes


2019 NY Slip Op 08599


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Acosta, P.J., Renwick, Mazzarelli, Kapnick, JJ.


1304/09 10476A

[*1] The People of the State of New York, Respondent,
v
David Snipes, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Katharine Skolnick of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (R. Jeannie Campbell-Urban of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered March 23, 2010, convicting defendant, after a jury trial, of robbery in the first degree (three counts), burglary in the first degree (three counts), robbery in the second degree (six counts), and assault in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, and judgment of resentence, same court and Justice, rendered December 12, 2017, reimposing the sentence imposed on March 23, 2010 and bringing up for review an order of the same court and Justice, entered on or about October 17, 2017, which granted the People's CPL 440.40 motion to set aside an intervening sentence as invalid, unanimously affirmed.
The court did not violate defendant's rights under CPL 310.30 and People v O'Rama (78 NY2d 270 [1991]) by failing to place on the record and discuss in advance with the attorneys a jury note that unambiguously requested a specific exhibit in evidence. The parties had agreed in advance to follow such a procedure in the event of a request for exhibits. In any event, regardless of whether there was a prior agreement, "[n]otes that only require the ministerial act of sending exhibits into the jury room do not implicate the requirements of O'Rama" (People v Dunham, 172 AD3d 524, 524 [1st Dept 2019], lv denied 34 NY3d 930 [2019]). The note simply called for the delivery of the exhibit, and there was nothing that called for input from counsel.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.
In granting the People's CPL 440.40 motion to reinstate defendant's original sentence as a persistent violent felony offender, which had been set aside on a ground later rejected by the Court of Appeals in People v Smith (28 NY3d 191 [2016]), the court correctly determined that defendant's 1999 guilty plea was not unconstitutionally obtained. After a hearing, the court found that defendant failed to demonstrate a reasonable probability that he would not have pleaded guilty had he been aware of the postrelease supervision component of the 1999
sentence (see Smith, 28 NY3d at 205). The record supports that finding. We find it unnecessary to address the People's procedural arguments relating to this issue.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK